IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VASHON O. CHRISTOPHER #1427201
              *

 Plaintiff
               *

   v.          CIVIL ACTION NO.  JFM-13-1057
               *

WARDEN
ASSISTANT WARDEN of BALTIMORE *
 CITY DETENTION CENTER
               *

 Defendants

## MEMORANDUM

On April 9, 2013, Vashon O. Christopher, a detainee at the Baltimore City Detention Center ("BCDC"), filed a civil rights action pursuant to 42 U.S.C § 1983, seeking unspecified "compensation for emotional stress and pain and suffer[ing]" based on conditions imposed on those housed in the "P" and "Q" wings of the facility. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.  For reasons set forth herein, the complaint shall be dismissed.

### Allegations

Plaintiff, who is housed in a dormitory setting, complains that he and his fellow dorm mates must get out of bed by 9:00 a.m., don an orange jumpsuit, make the bed, and are forbidden to "get back under the cover" until 6:00 p.m.  Dirty laundry, including undergarments, must be laundered by staff once a week, and cannot be washed by detainees and left to dry in the dorm area.  Meals are eaten in the dorm, which lacks tables and chairs.  Detainees remain on the dorm most of the day unless issued a pass to use the phone or gym.  "Outside" clothes must be kept folded beneath mattresses.  Dorm detainees must stand at attention beside their bunks, with their jumpsuits properly buttoned, for inspection by the Assistant Warden.  Violators are told to "pack

up" and are removed from the dorm (and presumably placed on a disciplinary wing within the facility). Finally, plaintiff alleges he was not given a rules handbook.[1] ECF No. 1.

## Analysis

The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided to convicted prisoners by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988); *see also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right). The inquiry with respect to conditions of confinement is whether those conditions amount to punishment of the pretrial detainee, as due process proscribes punishment of detainee before proper adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Not every inconvenience that is encountered during pre-trial detention amounts to "punishment" in the constitutional sense. *Martin,* 849 F.2d at 870. A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538–39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged conditions amount to punishment, it is not the province of this court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Only conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337,

---

[1] Failure to receive a detainee handbook, without more, simply does not amount to a violation of civil rights.

347 (1981).  In order to establish the imposition of cruel and unusual punishment, plaintiff must prove two elements - that he suffered deprivation of a basic human need that was "*objectively* sufficiently serious," and that "*subjectively* [defendants] acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  In short, plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).  The allegations contained in this complaint, whether examined alone or in the aggregate, simply do not amount to a objectively serious deprivation of human need, nor are the "conditions" sufficiently onerous as to cause significant physical or emotional injury.

In the absence of setting out a viable claim under § 1983, the cause of action shall be dismissed without requiring service of process on defendants.  Because plaintiff's prisoner civil rights case fails to state a claim his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2]  This shall constitute his first § 1915(e) "strike."  He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3]  A separate Order shall be entered

---

[2] 28 U.S.C. § 1915(e)(2) states that:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal--
    (i)   is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3]    28 U.S.C. § 1915(g) states as follows:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

reflecting the opinion set out herein.


April 17, 2013                                                   _____/s/_____
                                                                 J. Frederick Motz
                                                                 United States District Judge

---

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.